**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **CLARK HUNT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:16-cv-0046** |
| | ) | |
| **BRADLEY DOWNS & THERESA DOWNS,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**[1]

**BEFORE THE COURT** are Defendants' Motion for Reconsideration of Order Entered on May 17, 2017 (Dkt. No. 50), filed May 23, 2017 and Motion for Award of Costs & Attorneys' Fees & Incorporated Memorandum in Support (Dkt. No. 53), filed May 31, 2017. For the reasons stated below, the Court will deny both motions.

## I. PROCEDURAL HISTORY

Plaintiff initiated this action on February 12, 2026, by filing a complaint against Defendants in the District Court of Colorado. *See* Dkt. No. 1. Defendants moved to dismiss or to transfer the matter to the Virgin Islands. *See* Dkt. No. 7. The matter was transferred to this Court by Order for Transfer (Dkt. No. 13), entered May 25, 2016. Thereafter, Defendants moved to dismiss for lack of subject matter jurisdiction, *see* Dkt. No. 23, followed by a motion to stay discovery. *See* Dkt. No. 36. The Magistrate Judge granted the motion to stay, but only "until April 4, 2017 to allow the parties to determine if this case will proceed in the District Court of the Virgin Islands." Order (Dkt. No. 38), entered March 3, 2017, at 1. Upon the expiration of the stay, the Magistrate Judge entered a Scheduling Order (Dkt. No. 39), entered April 7, 2017. Notwithstanding the pending motion to dismiss at Dkt. No. 23, Defendants filed another motion to dismiss on April 23, 2017. *See* Dkt. No. 42. Plaintiff then moved to dismiss without prejudice on May 9, 2017. *See* Dkt. No. 47. The Court interpreted Plaintiff's motion to dismiss as a notice of voluntary dismissal and accepted it by Order (Dkt. No. 49), entered

[1] Due to the retirement of the judge previously assigned to this case, the undersigned, exercising his authority as Chief Judge of the District Court, reassigned this case to himself on February 17, 2026.

May 17, 2017. Defendants move to reconsider that order. Defendants also seek costs and attorney's fees under 5 V.I.C. § 541.

## II. LEGAL STANDARD

### A. Local Rules of Civil Procedure Rule 7.3

Rule 7.3 of the Court's Local Rules of Civil Procedure in effect in 2017 provided:

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed within fourteen days after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown. A motion to reconsider shall be based on:
> 1. an intervening change in controlling law;
> 2. the availability of new evidence, or;
> 3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3 (Amended Nov. 10, 2009, eff. Dec. 1, 2009).

The first rationale a court may employ to reconsider an order or decision listed in the rule, an intervening change in controlling law, is self-explanatory and not asserted as grounds for the motion, here.

The second basis provided in the rule, the availability of new evidence, has been interpreted to mean newly discovered evidence or evidence that was unavailable at the time the initial order or decision was rendered. *See, e.g.*, *Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011) ("'We have made clear that "new evidence," for reconsideration purposes, does not refer to evidence that a party . . . submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available.' [*Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 252 (3d Cir. 2010)]. Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration." (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985))); *Solid Rock Baptist Church v. Murphy*, 555 F. Supp. 3d 53, 60 (D.N.J. 2021) (describing the availability of new evidence grounds for granting reconsideration as "evidence not available when the Court issued the subject order has become available") (citing *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)) (other citation omitted))); *Interfaith Cmty. Org., Inc. v. PPG Indus., Inc.*, 702 F. Supp. 2d 295, 317-18 (D.N.J. 2010) ("[T]he

moving party has the burden of demonstrating the evidence was unavailable or unknown at the time of the original hearing." (citing *Desantis v. Alder Shipping Co.,* No. 06-1807 (NLH), 2009 U.S. Dist. LEXIS 13535, at *3 (D.N.J. Feb 20, 2009) (citing *Levinson v. Regal Ware, Inc.,* No. 89-1298, 1989 U.S. Dist. LEXIS 18373, 1989 WL 205724, at *3 (D.N.J. Dec. 1, 1989))).

As to the third listed basis, this Court has observed:

> [u]nder the established law, clear error exists if, "'after reviewing the evidence,' [the reviewing court is] 'left with a definite and firm conviction that a mistake has been committed.'" *Norristown Area Sch. Dist. v. F.C.*, 636 F. App'x 857, 861 n.8 (3d Cir. 2016) (quoting *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)). In the context of a motion to reconsider, manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Greene v. Virgin Islands Water & Power Auth.*, 2012 U.S. Dist. LEXIS 144382, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). "Manifest injustice has also been defined as an 'error in the trial court that is direct, obvious, and observable.'" *Id.* (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004)).

*Simon v. Mullgrav*, Civil Action No. 2017-0007, 2021 U.S. Dist. LEXIS 165926, at *6 (D.V.I. Sept. 1, 2021); *see also, e.g., Plaskett v. Cruz*, Case No. 3:17-cv-0067, 2021 U.S. Dist. LEXIS 178563, at *2 (D.V.I. Sept. 20, 2021).

It also is well established that motions for reconsideration "are not substitutes for appeals, and are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *United States v. Matthias*, Case No. 3:19-cr-0069, 2022 U.S. Dist. LEXIS 106707, at *7 (D.V.I. June 15, 2022) (quoting *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733, 45 V.I. 553 (D.V.I. 2004))).

**B. Title 5 of the Virgin Islands Code, Section 541**

Titled "Costs Defined," this statute provides:

> (a) Costs which may be allowed in a civil action include:
>
> > (1) Fees of officers, witnesses, and jurors;
> >
> > (2) Necessary expenses of taking depositions which were reasonably necessary in the action;
> >
> > (3) Expenses of publication of the summons or notices, and the postage when they are served by mail;

> (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;
>
> (5) Necessary expense of copying any public record, book, or document used as evidence on the trial; and
>
> (6) Attorney's fees as provided in subsection (b) of this section.
>
> (b) The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto; provided, however, the award of attorney's fees in personal injury cases is prohibited unless the court finds that the complaint filed or the defense is frivolous.

5 V.I.C. § 541(a) and (b).

## III. DISCUSSION

### A. Motion for Reconsideration

Defendants take issue with the Court's Order (Dkt. No. 49), entered May 17, 2017, in which it construed Plaintiff's Motion to Dismiss without Prejudice as a notice of dismissal under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure and accepted such notice. *Id*. at 1-2. The "notice" dismissed the action "'in its entirety but without prejudice, with each party to bear its own costs, attorneys' fees and expenses.'" *Id*. at 1 (quoting Plaintiff's Motion to Dismiss without Prejudice (Dkt. No. 47)). Defendants cite Local Rules of Civil Procedure 7.3 as the basis for their motion, but do not specify upon which of the three enumerated grounds reconsideration is sought. However, because Defendants assert that "Plaintiff's Motion to Dismiss (D.E. 47) improperly seeks, and the Order of Dismissal (D.E. 49) improperly grants, that each party bear its own costs, attorneys' fees, and expenses," Memorandum in Support of Defendant's Motion for Reconsideration & Opposition to Plaintiff's Motion to Dismiss (Mem.) (Dkt. No. 52) at 1, the Court interprets the motion to be based on the third ground, to correct clear error or prevent manifest injustice.

Turning to whether Defendants have provided adequate grounds for their request for relief, the Court finds that Defendants have identified no error or manifest injustice. Despite Defendants' contention that they informed the Magistrate Judge that they objected to Plaintiff's motion to dismiss and intended to file an opposition, they cannot dispute that the motion was not before the Magistrate Judge nor can they dispute that the Court had the

authority to dispose of the motion prior to the filing of their opposition. *See* Local Rules of Civil Procedure Rule 7.1(e)(3) ("Nothing herein shall prohibit the Court from ruling without a response or reply when deemed appropriate."). Thus, it was not clear error for the Court to enter its order accepting the dismissal. Nor was the order manifestly unjust. As shown below, Defendants are not "prevailing parties" for purposes of 5 V.I.C. § 541.

**B. Motion for Award of Costs & Attorneys' Fees**

Even though the Court's order accepted Plaintiff's notice of dismissal, dismissing the "matter without prejudice, with each party to bear its own costs and attorneys' fees," Order at 2, Defendants maintain that they are entitled to an award of costs and attorney's fees.

It is true that Virgin Islands law grants the Court wide discretion to award costs and attorney's fees. *See, e.g., Vitalis v. Sun Constructors, Inc*., Civil Acion No. 2005-0101, 2024 U.S. Dist. LEXIS 184889, at *12 (D.V.I. Oct. 10, 2024) ("Section 541 gives the Court broad discretion when determining whether to award attorneys' fees and the amount of such fees."). At the same time, such awards under the statute are limited to "prevailing parties." *Lynch v. Bailey-Roka*, Civil Action No. 1:23-cv-0023-KAJ, 2024 U.S. Dist. LEXIS 208314, at *8 (D.V.I. Nov. 15, 2024) ("Under . . . § 541(a), I only have the discretion to award attorney's fees to a 'prevailing party.'"). Defendants contend that "because [they] achieved the benefit they sought from the beginning – dismissal of this action – they are plainly the prevailing party." Dkt. No. 53 at 1.

As the *Lynch* court notes, "[i]n cases of voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i), attorney's fees awards are 'not automatic or maybe not even common[.]' (D.I. 129 at 7.) That is an understatement." *Lynch*, 2024 U.S. Dist. LEXIS 208314, at *8. The court then states that, "[b]ecause the [plaintiffs] voluntarily dismissed their case without prejudice pursuant to Rule 41(a)(1)(A)(i), no judicially sanctioned change to the legal relationship of the parties has occurred." *Id*. at *9 (citations omitted). The court concludes that the defendants moving for attorney's fees "are therefore not prevailing parties for the purposes of . . . § 541(a), so they cannot seek an award of attorney's fees under th[at] provision[]." *Id*. (citation omitted).

The circumstances in this matter are the same. The Court recognized Plaintiff's motion to dismiss as a Rule 41(a)(1)(A)(i) voluntary notice of dismissal without prejudice

and accepted it as such a notice. For the same reasons as the *Lynch* court articulated, Defendants, here, are not the prevailing party under Section 541 and are not entitled to an award of costs and attorney's fees.

**IV. CONCLUSION**

As set forth above, the Court finds that Defendants fail to establish any grounds for reconsideration of its Order (Dkt. No. 49), entered May 17, 2017. Thus, reconsideration of the order is not warranted. The Court also finds that Defendants are not a "prevailing party" and are therefore not entitled to costs and attorney's fees under 5 V.I.C. § 541. Accordingly, is it hereby

**ORDERED** that Defendants' Motion for Reconsideration of Order Entered on May 17, 2017, Dkt. No. 50, is **DENIED**; it is further

**ORDERED** that Defendants' Motion for Award of Costs & Attorneys' Fees & Incorporated Memorandum in Support, Dkt. No. 53, is **DENIED**.

**Dated:** October 30, 2026

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**